# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LEONARD A. ROBINSON, et al. | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 1:20cv47 |
| CASSANDRA L. BROOKS, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the undersigned United States Magistrate Judge on the Applications to Proceed in District Court Without Prepaying Fees or Costs (the "Applications") (Docket Entries 1, 2) filed in conjunction with Plaintiffs' pro se "Complaint and Request for Injunction and Stay Order" (Docket Entry 3). The undersigned will grant the Applications for the limited purpose of recommending dismissal of this action without prejudice to Plaintiffs filing a new Complaint which corrects the significant defects of the current Complaint.

## LEGAL STANDARD

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted).

"Dispensing with filing fees, however, [i]s not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or . . . (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

As to the first of these grounds, "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256–57 (some internal quotation marks omitted). In determining frivolousness, the Court may "apply common sense." Nasim, 64 F.3d at 954.

Alternatively, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as

2

true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1] Although the United States Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

3

## BACKGROUND

Plaintiffs (proceeding pro se) initiated this action against eight defendants: (1) "Cassandra L. Brooks" ("Defendant Brooks"), (2) "Cassidy Professional Counseling, Inc." ("CPCI"), (3) "Charles M. Alexander" ("Mr. Alexander"), (4) "Heather R. Alexander" ("Mrs. Alexander"), (5) "A.L. Collins" ("Attorney Collins"), (6) "William Walker" ("Attorney Walker"), (7) "Attorney Bryant Thompson" ("Attorney Thompson"), and (8) "Stafford R. Peebles, Jr., P.C." ("Attorney Peebles"). (Docket Entry 3 at 1, 3-5.)[2] Plaintiffs claim that the Court's jurisdiction in this matter is based upon the existence of diversity of citizenship. (See id. at 6.)[3]

Presented in a conclusory and sometimes incoherent fashion, the Complaint's allegations apparently relate to the mismanagement of the estate of a relative of the individual Plaintiffs. (See generally id. at 1-11.) The Complaint alleges that various Defendants "appear to have formed a criminal enterprise such as described in [the Racketeer Influenced Corrupt Organizations ("RICO")] Statute" (id. at 7 (quotation marks omitted)), and

---

[2] Citations to Docket Entry pages utilize the CM/ECF footer's pagination.

[3] The Complaint identifies the individual Plaintiffs as citizens of (and the organizational Plaintiff as a corporation under the laws of) the state of Louisiana (see Docket Entry 3 at 1-2; see also id. at 6), and further identifies Defendants as citizens of (or corporations under the laws of) the states of Michigan or North Carolina (see id. at 3-5; see also id. at 7-8). The Complaint also asserts that "[t]he total amount in contr[o]vers[]y is $4,000,000.00." (Id. at 8.)

4

otherwise committed a "criminal act [which] was done by theft, [] fraud[,] and deception" (id. at 9). More specifically, the Complaint asserts as its "basis for [] claim" the following:

> . . . [P]arents of [ P]laintiff [Peggy M. Hairston] . . . did provide a will with a specific power of attorney and a predetermination agreement prepared by . . . counsel . . . . Prepared directives . . . gave . . . instructions as to how their final affairs should be concluded and how the widow should be cared for. The wrongful distribution of assets as alleged continues after years of fraud by a guardian appointed with no authority . . . . The Clerk of Court in Forsyth County . . . appointed a guardian for Ms. Irene Fulton Hairston's estate while she was competent. [ W]ithout probable cause[, the appointed guardian] sold last surviving parent's property (homestead), mismanaged and[/]or wasted away her assets to cover fees and would not provide her care with adequate funds [that the] last surviving parent had in place. As a consequence to the illegal actions of the appointed guardian, having declared Ms. Irene Fulton Hairston incompetent, when in fact she was not, [the appointed guardian] did award his colleagues across interstate lines commerce with ill[-]gotten gains from the estate of Ms. Hairston and [] caused professional harm and ruin to [] Plaintiff[s . . . . a]nd forced [] Plaintiff [Hairston] to move her mother . . . to Louisiana for her safety and care while assuming total financial responsibility for the same in [ex]cess of $300,000.00 without repayment from the estate. . . .

(Id. at 10.)

The Complaint asks the Court to "grant[] injunctive relief from [the] sale [of] all inherited property wherefore distributed illegally until all civil, criminal[,] and financial matters have been resolved . . . ." (Id.) Further, the Complaint claims that the "total amount in contr[o]vers[]y is $4,000,000.00" (id. at 8), to include (1) "$500,000.00" for the "[l]oss of professional

5

licenses to practice law in state of Louisiana due to interference of N.C. officials" (id. at 7), (2) "$1,000,000.00" for "[m]ental [a]nguish" (id.), (3) "$1,000,000.00" for "[d]efamation of [c]haracter (reputation)" (id.), (4) "$500,000.00" for "[l]itigation [e]xpense[s]" (id.), and (5) "$1,000,000.00" for [m]edical expenses; pain and suffering" (id.).

## DISCUSSION

As an initial matter, the Complaint fails to allege the specific dates and places as to the alleged activities. (See id. at 1-11.) "An allegation of time or place is material when testing the sufficiency of a pleading." Fed. R. Civ. P. 9(f). Because of the materiality of such allegations to the evaluation of the sufficiency of the Complaint, Plaintiffs have not set forth an adequate "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). In addition,

> Rule 9(b) of the Federal Rules of Civil Procedure[ ] requires that in alleging fraud, a party must state with particularity the circumstances constituting the fraud. This requires that a pleading contain the time, place, and contents of the alleged fraudulent representation, as well as the identity of each person making the misrepresentation. While the [C]ourt recognizes that Plaintiff[s are] prosecuting this action *pro se*, [they] must still adequately set forth the critical facts to support [their] fraud claims.

Bagwell v. Dimon, No. 1:14cv495, 2015 WL 2374614, at *8 (M.D.N.C. May 18, 2015) (unpublished) (internal citations omitted) (italics

6

in original).  These patent deficiencies render the Complaint (as currently pleaded) frivolous.

Further, in this case, the Complaint offers nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." Iqbal, 556 U.S. at 678.  First, beyond naming them as Defendants, the Complaint does not even so much as mention CPCI, Mr. Alexander, and/or Mrs. Alexander.  (See Docket Entry 3 at 1-11.)  Next, the Complaint's conclusory allegations that Defendant Brooks committed a "criminal act . . . [involving] theft[, ] fraud[,] and deception" by "form[ing] a dummy [corporation] involving immovable property belonging by inherit[a]nce to her aged uncle and aunt" (id. at 9 (parenthesis omitted)), and that Attorney Thompson, "as guardian of the [subject e]state" (id. at 9), committed "illegal actions . . . [and] did award his colleagues across interstate lines commerce with ill[-]gotten gains from the estate . . . caus[ing] professional harm and ruin to [] Plaintiff[s]" (id. at 10), fail to plausibly establish any claim.  See Iqbal, 556 U.S. at 678 (mandating that plaintiffs provide "factual matter" to support claims and ruling "legal conclusions" and "conclusory statements" insufficient).

Additionally, the Complaint contends that Attorney Collins, Attorney Walker, Attorney Thompson, and Attorney Peebles "formed a criminal enterprise such as described in RICO statute."  (Docket

7

Entry 3 at 7.)[4]  To the extent Plaintiffs wish to pursue a federal RICO claim, "[t]he Supreme Court has explained that a civil RICO claim has four essential elements: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity." Whitney, Bradley & Brown, Inc. v. Kammermann, 436 F. App'x 257, 258 (4th Cir. 2011) (citing Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985)).  "A plaintiff bringing a civil RICO action . . . must adequately plead at least two predicate acts of racketeering that form a 'pattern of racketeering.'" American Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 233 (4th Cir. 2004) (quoting 18 U.S.C. § 1961(5)).  Here, the Complaint's lone conclusory RICO-related allegation falls short.

Simply put, the Complaint's allegations do not "state a claim to relief that is plausible on its face," Iqbal, 556 U.S. at 678, as it does not include sufficient factual allegations to "nudge[] [its] claims across the line from conceivable to plausible," Twombly, 550 U.S. at 570.  The Complaint also fails to comply with pleading requirements set forth in Fed. R. Civ. P. 9(b) and Fed. R. Civ. P. 9(f).  Finally, individual Plaintiffs may not pursue pro se

---

    4 The Complaint does not specify whether it intends to pursue a claim under the federal RICO statute, 18 U.S.C. § 1961 et seq., or the North Carolina RICO statute, N.C. Gen. Stat. § 75D-1 et seq. (See Docket Entry 3 at 7.)  In any event, "the North Carolina RICO statute mirrors the federal RICO statute," R.J. Reynolds Tobacco Co. v. SK Everhart Inc., No. 1:00CV260, 2003 WL 21788858, at *3 n.1 (M.D.N.C. July 31, 2003) (unpublished), and any state RICO claim fails for the same reasons as does any federal RICO claim.

8

litigation (or obtain pauper status) on behalf of the organizational Plaintiff. See Smith ex rel. K.M.J. Int'l, Inc. v. U.S. Gov't, No. 1:10CV673, 2010 WL 3655643, at *1 (M.D.N.C. Sept. 13, 2010) (unpublished), recommendation adopted, 2013 WL 5462387 (Feb. 19, 2013) (unpublished).

## CONCLUSION

The Court should dismiss Plaintiffs' Complaint under 28 U.S.C. § 1915(e)(2)(B) for frivolousness and failure to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiffs' Applications (Docket Entries 1, 2) are **GRANTED** for the limited purpose of considering this recommendation of dismissal.

**IT IS RECOMMENDED** that this action be dismissed without prejudice to Plaintiffs filing a new Complaint which corrects the significant defects of the current Complaint.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

May 14, 2020

9